UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────

BRUCE LORICK,

                                    Plaintiff,                    9:16-CV-1002
                                                                  (BKS/DEP)
                    v.

ANDREW CUOMO; et al.,

                                    Defendants.

───────────────────────────────────────

APPEARANCES:

BRUCE LORICK
81-A-2502
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

        Plaintiff Bruce Lorick filed his pro se complaint in this action in August 2016 seeking to
assert claims that he was denied parole release in violation of his rights protected under the
Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.  Dkt.
No. 1 ("Compl.").  The thirteen Parole Board Commissioners who conducted plaintiff's parole
hearings during the period 2005 to 2015 were named as defendants, along with New York
Governor Andrew Cuomo, Department of Corrections and Community Supervision
("DOCCS") Acting Commissioner Anthony J. Annucci, and Board of Parole Chairperson Tina
M. Stanford.  *Id*. at 2-5.

Upon review in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, the Court concluded that plaintiff's complaint failed to state a claim upon which relief may be granted. Dkt. No. 14 ("January Order") at 16.[1] Because Parole Board Commissioners Rodriguez, Vizzie, Loomis, Clark, Ortloff, Hernandez, Thompson, Lemons, Brown, Ferguson, Elovich, Hallerdin, and Coppola are entitled to absolute immunity for actions taken by them in determining whether to grant plaintiff parole release, the complaint was dismissed with prejudice as against them. *Id*. Plaintiff's claims against the remaining defendants were dismissed without prejudice and with leave to amend. *Id*.

Plaintiff has filed an amended complaint, which is before the Court for review. *See* Dkt. No. 15 ("Am. Compl.").

## II.    DISCUSSION

Plaintiff has been incarcerated in DOCCS custody for approximately thirty-five years, having been convicted of second degree murder and sentenced to a term of twenty-five years to life imprisonment. Am. Compl. at 20.[2] Plaintiff has appeared before the Board of Parole nine times; as set forth in the amended complaint, his application for release has been denied on each occasion. *Id*. at 21.[3] As alleged, at each hearing, the Parole Board Commissioners consistently relied on the nature of plaintiff's offense and the identity of his

---

[1] Plaintiff was granted leave to proceed in forma pauperis. January Order at 15. Plaintiff's motion for appointment of pro bono counsel was denied without prejudice to renew at a later stage of this proceeding. *Id*. at 17.

[2] The victim of plaintiff's crime was a transit police officer. Am. Compl. at 9. Plaintiff was twenty-two years old when he committed this crime. *Id*. at 21.

[3] A detailed statement of facts regarding plaintiff's Board of Parole appearances is set forth in the January Order and will be not restated here. *See* January Order at 4-7. The hearing transcripts are exhibits to the amended complaint. Dkt. No. 15-1 through 15-2.

victim in making their determinations and did not weigh his entire record in reaching their decisions. *Id.*

As discussed in the January Order, the Second Circuit has held that "[t]he New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release." *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) (per curiam). As a result, inmates enjoy only minimal due process rights in the determination of parole, "limited to not being denied parole for arbitrary or impermissible reasons." *Graziano v. Pataki*, 689 F.3d 110, 115 (2d Cir. 2012) (per curiam) (quoting *Boddie v. N.Y. Div. of Parole*, 285 F. Supp.2d 421, 428 (S.D.N.Y. 2003)).[4] In order to state a cognizable due process claim, plaintiffs must allege that they were denied parole based on an "inappropriate consideration of a protected classification or an irrational distinction." *Id.* at 116 (citation omitted).[5] The Equal Protection Clause of the Fourteenth Amendment also affords only limited protection to an inmate challenging the denial of parole release; a classification "that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* at 117 (quoting *FCC v. Beach Commc'nc*, 508 U.S. 307, 313 (1993)).[6]

---

[4] The Second Circuit cautioned in *Graziano* that "only the most egregious official conduct" can be said to be arbitrary in the constitutional sense, and held that "[a] policy of according substantial weight to the severity of the crime is neither arbitrary nor capricious." *Graziano*, 669 F.3d at 115-16 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

[5] Race, religion, gender, and economic status are generally understood to be "protected classifications." *See e.g.*, *Price v. Cully*, No. 9:11-CV-0977 (LEK/TWD), 2012 WL 4109024, at *3 (N.D.N.Y. Aug. 30, 2012); *Standley v. Dennison*, No. 9:05-CV-1033, 2007 WL 2406909 *1 (N.D.N.Y. Aug. 21, 2007).

[6] With respect to the claim asserted in *Graziano*, the Second Circuit concluded that "the rational basis for a distinction in parole determinations between violent and nonviolent offenders is self-evident: preventing the early release of potentially violent inmates who may pose a greater danger to the safety of others." *Graziano*, 689 F.3d at 117.

3

Here, plaintiff did not identify himself in his complaint as a member of a protected class nor did he allege that he was denied parole release based upon an "irrational distinction" having been made between himself and other inmates.  *See* January Order at 11. As a result, because the Second Circuit made clear in *Graziano* that the Board of Parole is statutorily empowered to consider plaintiff's crime of conviction when making a decision regarding parole and "to give whatever weight it deems appropriate to each of [the] statutory factors," *Graziano*, 689 F.3d at 115, the Court concluded that no cognizable claim for the violation of plaintiff's rights protected under the Due Process Clause of the Fourteenth Amendment was stated in the complaint.  *Id*.  The Court also concluded that plaintiff's allegations did not plausibly suggest that the parole determinations violated his rights protected by the Equal Protection Clause.  *Id*. at 12-13.

In his amended complaint, plaintiff restates his allegations regarding his Board of Parole hearings and the determinations made at those hearings to deny him release.  *See* Am. Compl. at 8-16.[7]  In addition, plaintiff identifies himself in the amended complaint as an African-American, and alleges that the Board of Parole determinations, while facially neutral, were in actuality based upon his race.  *Id*. at 21.  As alleged, the "Board of Parole's policy for determining if an inmate is eligible for parole release . . . has been implemented in a discriminatory manner that intentionally and in bad faith dis-proportionately discriminates against African-American inmates. . . ."  *Id*.  Plaintiff asserts that "an African-American inmate charged with killing of a police officer is more than five (5) times more likely to be denied

---

[7]  Plaintiff also names the thirteen Parole Board Commissioners who conducted his parole hearings during the period 2005 to 2015 as defendants in the amended complaint.  *See* Am. Compl. at 3-7.  These defendants enjoy absolute immunity for actions taken by them in determining whether to grant plaintiff parole release, and were dismissed with prejudice.  January Order at 8.  As a result, the Parole Board Commissioners were not properly named in the amended complaint and are not defendants in this action.

4

parole release – than a Caucasian inmate charged with killing a police officer." *Id*. at 21-22.[8]

Based upon these allegations, plaintiff claims that the Board of Parole determinations violated his rights protected by the Due Process Clause and Equal Protection Clause.

Upon review and with due regard for plaintiff's status as a pro se litigant, the Court finds that a response to the amended complaint is required from the remaining defendants – New York Governor Andrew Cuomo, DOCCS Acting Commissioner Anthony J. Annucci, and Board of Parole Chairperson Tina M. Stanford. This is not a ruling on the merits and the Court expresses no opinion as to whether plaintiff's claims can survive a properly filed dispositive motion.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's amended complaint (Dkt. No. 15) is **ACCEPTED** for filing as the operative pleading in this action; and it is further

**ORDERED** that upon receipt from plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service on defendants Andrew Cuomo, Anthony J. Annucci, and Tina M. Stanford. The Clerk shall forward a copy of the summons and amended complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint shall be filed by defendants or

---

[8] Plaintiff identifies several Caucasian inmates who were convicted of murder and yet granted parole release (including two inmates who murdered police officers); plaintiff also cites to a New York Times report that black inmates have been denied parole at higher rates than white inmates. Am. Compl. at 22-23; *see* Dkt. No. 15-3 at 17.

their counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED.**

Dated:   May 16, 2017
             Syracuse, NY

Brenda K. Sannes
U.S. District Judge