UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE LORICK,

                Plaintiff,

v.                                                                9:16-CV-1002 (BKS/DEP)

ANDREW CUOMO, et al.,

                Defendants.
_____

APPEARANCES:

Bruce Lorick
81-A-2502
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929
Plaintiff, pro se

Maria E. Lisi-Murray, Esq.
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, U. S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  Introduction

      Plaintiff pro se Bruce Lorick brought this action against defendants under 42 U.S.C. § 1983 alleging that he was denied due process and equal protection under the Fourteenth Amendment when he was denied parole release on multiple occasions.  (Dkt. No. 15).  Plaintiff, an African-American, asserts that the Board of Parole intentionally discriminates against

1

African-American inmates based upon their race, and that he has been denied parole based upon an impermissible factor – his race. (*Id.*). Plaintiff seeks declaratory relief. (*Id.*). On August 8, 2017, Defendant Anthony J. Annucci filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Dkt. No. 27). Defendants Andrew Cuomo and Tina Stanford later joined in that motion. (Dkt. No. 31). Plaintiff opposed the motion. (Dkt. No. 35). This matter was referred to United States Magistrate Judge David E. Peebles who, on January 19, 2018, issued a Report and Recommendation recommending that Defendants' motion be granted and that the amended complaint dismissed without leave to replead. (Dkt. No. 36). Plaintiff has filed an objection to the Report and Recommendation. (Dkt. No. 37).

On March 12, 2018, the Court issued a text order noting that the Plaintiff's claim appears to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and giving the parties time to brief this issue. (Dkt. No. 38). Both parties filed letter briefs in response to the text order. (Dkt. Nos 39-40). Having now reviewed all of the pertinent filings in this matter, the Court adopts Magistrate Judge Peebles' Recommendation in part, as set forth below, and rejects it in part. The Court grants Defendant Cuomo and Annucci's motion to dismiss the amended complaint, with prejudice, and denies Defendant Stanford's motion to dismiss, without prejudice to renew.

## II. Standard of Review

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

### III. Discussion

Magistrate Judge Peebles recommended that the complaint be dismissed because Plaintiff failed to sufficiently allege the personal involvement of any of the three Defendants. (Dkt. No. 36, at 13-18). Plaintiff has objected to that recommendation. (Dkt. No. 37, at 6-7). After a *de novo* review, the Court finds that Magistrate Judge Peebles thoroughly set forth the applicable facts and the governing law regarding personal involvement. (Dkt. No. 36 at 12-18). The Court agrees with Magistrate Judge Peebles' determination that the amended complaint fails to plead facts plausibly demonstrating that the Defendants were personally involved in the parole denials to support a claim for damages, and that the amended complaint should be dismissed with prejudice as to all three Defendants as to any claim for damages.

Plaintiff's amended complaint, however, expressly seeks "declaratory relief," without further elaboration. (Dkt. No. 15, at 1). Plaintiff alleges that his right to due process and equal protection were violated, but the amended complaint does not expressly seek damages or identify the remedy sought. (Dkt. No. 15 at 1). While personal involvement of a defendant is a prerequisite to an award of damages under § 1983, that rule is limited to cases in which damages are sought; the lack of personal involvement is not a bar to an action for declaratory relief. *Justice v. Hulihan*, 9:11-cv-419 (GLS/DEP), 2013 WL 5506326 at *4 2013 U.S. Dist. LEXIS 143708, at *11 (N.D.N.Y. Oct. 4. 2013); *New York Youth Club v. Town of Smithtown*, 867 F. Supp. 2d 328, 339 (E.D.N.Y. 2012).

In any event, for many of the same reasons identified in Magistrate Judge Peebles' personal involvement analysis, the Court finds that the amended complaint should be dismissed as to Defendants Annucci and Cuomo because they are not appropriate defendants for a claim for declaratory relief. "[A]ctions involving claims for prospective declaratory or injunctive relief are

3

permissible provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action." *Davidson v. Scully,* 148 F. Supp. 2d 249, 254 (S.D.N.Y. 2001).

In this case, Defendant Annucci as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, who is alleged to be "responsible for the daily operations of all the defendant's prisons," (Dkt. No. 15 at 2), does not have a direct connection to or responsibility for alleged discrimination by the Board of Parole. (*See* Dkt. No. 36 at 17 n.11 (noting that "under the parole regime in effect at the relevant times in New York defendant Annucci, as DOCCS Commissioner, did not oversee parole decisions")). Nor does Governor Cuomo's general duty to faithfully execute the law, standing alone, make him a proper party to this action. *See Nolan v. Cuomo*, No. 11 CV 5827 (DRH)(AKT), 2013 WL 168674 at *9-10, 2013 U.S. Dist. LEXIS 6680, at *27 (E.D.N.Y. Jan. 13, 2013) (dismissing governor from action seeking to enjoin the enforcement of an allegedly unconstitutional statute, and noting that "the vast majority of courts to consider the issue have held . . . that a state officials duty to execute the laws is not enough by itself to make that official a proper party in a suit challenging a state statute"); *Sabin v. Nelson*, 7:12-cv-1373 (GLS/DEP), 2014 WL 2945770, at *3, 2014 U.S. Dist. LEXIS 88462, at *7(N.D.N.Y. June 30, 2014) (dismissing governor from action seeking declaratory and injunctive relief in connection with a constitutional challenge to certain New York State laws). Since, as Magistrate Judge Peebles noted, the Court already advised Plaintiff of the need to establish a basis for holding Defendants Annucci and Cuomo responsible, and gave Plaintiff an opportunity to file an amended complaint, the Court concurs in the recommendation that the amended complaint be dismissed with prejudice as to Defendants Cuomo and Annucci. On the other hand, the allegations regarding Defendant Tina Stanford, the

Chairperson of the New York State Board of Parole, are sufficient for declaratory relief. Defendant Stanford is alleged to be "legally responsible for ensuring that all New York State Parole Commissioners adhere to, and follow, the Executive Law provisions of 259 'Parole Guidelines' without discriminatory intent or impact." (Dkt. No. 15, at 2-3).

Because Plaintiff is proceeding *in forma pauperis,* (Dkt. No. 14), the Court maintains an ongoing obligation to dismiss the complaint if he has failed to state a claim. *See* 28 U.S.C. § 1915(e) (2)(B)(i)-(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted"). The Court therefore has considered whether this action regarding the Parole Board's allegedly discriminatory denials of Plaintiff's requests for parole is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and sought letter briefs on that issue from the parties. (Dkt. No. 38). Both parties responded to the Court's request. (Dkt. Nos. 39, 40). Defendants assert that Plaintiff's claims are barred by *Heck* "since it does not appear that plaintiff is seeking prospective injunctive relief." (Dkt. No. 39) (citing *Baker v. New York State Dep't of Corrs. & Cmty. Supervision*, No. 9:17-cv-1270 (GTS/TWD), 2018 WL 357297, at ** 4-5, 2018 U.S. Dist. LEXIS 4102, at **11-12 (N.D.N.Y. Jan. 10, 2018)).[1] Plaintiff, on the other hand, argues that *Heck* does not bar his claim because he "is not seeking to invalidate his conviction, but is seeking a de novo hearing." (Dkt. No. 40, at 5). Given this fundamental question regarding the nature of the Plaintiff's claim for relief, and the absence of briefing on the applicability of *Heck* to that claim, *see*, *e.g.*,

---

[1] Defendants correctly note, that "to the extent the amended complaint is read as seeking plaintiff's immediate release from incarceration," habeas corpus is his sole federal remedy. (Dkt. No. 39). *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Baker*, 2018 WL 357297, at ** 4-5, 2018 U.S. Dist. LEXIS 4102, at **11-12; *Artis v. New York Div. of Parole*, No. 11 CV 8548 VB, 2013 WL 4038592, at *2, (S.D.N.Y. July 22, 2013) (Lexis cite not available). Plaintiff states that he is not seeking immediate release. (Dkt. No. 40, at 5).

*Wilkinson*, 544 U.S. at 82; *Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997), the Court denies Defendant Stanford's motion to dismiss, without prejudice to renewal.[2]

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Peebles' Report and Recommendation (Dkt. No. 36) is **ADOPTED** in part and **REJECTED** in part, for the reasons set forth above; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 27) is **GRANTED** as to Defendants Annucci and Cuomo, and plaintiff's amended complaint is **DISMISSED with prejudice** as to Defendants Annucci and Cuomo; and it is further

**ORDERED** that to the extent the amended complaint seeks monetary damages against Defendant Stanford, Defendant's motion to dismiss (Dkt. No. 27) is granted and any claim against Defendant Stanford for monetary damages is **DISMISSED with prejudice**; and it is further

**ORDERED** that Defendant Stanford's motion to dismiss is otherwise **DENIED** without prejudice to renew; and it is further

**ORDERED** that any renewed motion to dismiss by Defendant Stanford must be filed within **thirty days** of the date of this Decision.

**ORDERED** that the Clerk serve this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  March 27, 2018

Brenda K. Sannes
U.S. District Judge

---

[2] By granting Defendant Stanford leave to renew, the Court does not intend to indicate any opinion on the merits of a motion to dismiss.